```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


NATHANIEL RILEY,                  :    CIVIL ACTION
                                  :    NO. 15-351
         Petitioner,              :
                                  :
     v.                           :
                                  :
ROBERT GILMORE, et al.,           :
                                  :
         Respondents.             :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          September 19, 2016

Nathaniel Riley ("Petitioner") is a prisoner at State Correctional Institution – Coal Township in Coal Township, Pennsylvania. Petitioner filed a pro se application seeking relief through a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Chief Magistrate Judge Linda K. Caracappa ("Judge Caracappa") found that the petition is untimely and recommended that the Court dismiss it. For the reasons that follow, the Court will adopt Judge Caracappa's Report & Recommendation in large part and dismiss the habeas petition.

**I.    BACKGROUND**

The Report and Recommendation offers a brief summary of the relevant facts:

> On October 25, 1995, petitioner pled guilty in the Court of Common Pleas of Philadelphia County to multiple counts of robbery, criminal conspiracy, carrying a firearm on a public street or public property in violation of the Uniform Firearms Act, and related offenses stemming from a series of three jewelry store robberies. (CP-51-CR-1001441-1994; CP-51-CR-1001601-1994; CP-51-CR-1001751-1994). On October 25, 1995, petitioner was sentenced to three concurrent sentences of ten (10) to twenty (20) years' incarceration for each robbery, resulting in an aggregate term of ten (10) to twenty (20) years' incarceration. See id. Petitioner did not file a direct appeal.

R&R 1.

On May 17, 2012, Petitioner filed a petition for collateral review under Pennsylvania's Post-Conviction Relief Act ("PCRA"). See Commonwealth v. Riley, No. CP-51-CR-1001601-1994, docket at *5 (Pa. Com. Pl.). Petitioner was appointed counsel, who eventually withdrew from the case and was replaced by a second lawyer, Jennifer Ann Santiago. Id. at *5-6. On October 29, 2015, Santiago filed a no-merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988). As a result, on December 18, 2015, the Court of Common Pleas dismissed the PCRA petition. Riley, No. CP-51-CR-1001601-1994, at *7.

While the PCRA proceedings were still ongoing, on January 19, 2015,[1] Petitioner filed the instant pro se petition for habeas relief. ECF No. 1. Judge Caracappa granted Petitioner leave to amend, ECF No. 7, and Petitioner filed an Amended Petition on June 1, 2015, ECF No. 8. Respondents Robert Gilmore, the Pennsylvania Attorney General, and the Philadelphia District Attorney responded on August 27, 2015, ECF No. 14, and on October 29, 2015, Judge Caracappa issued the R&R, ECF No. 16. Petitioner objected, ECF No. 21, and the habeas petition is now ripe for disposition.[2]

## II. LEGAL STANDARD

The Court may refer an application for a writ of habeas corpus to a U.S. Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B). A prisoner may object

---

[1] The petition was filed electronically on January 23, 2015, but Petitioner certified that he placed it in the prison mailing system on January 19, 2015. Habeas Pet. 17.

[2] Petitioner also filed a "Motion for Default Judgment," incorrectly stating that "[a] default has been entered against Respondents for failure to answer or otherwise defend in the above entitled matter." ECF No. 15. Mot. Default Judgment at 1, ECF No. 15. Default judgment is inapplicable in the habeas context. See Nesmith v. Common Pleas Court of Phila. Cty., 2010 WL 3278042, at *1 (E.D. Pa. Aug. 16, 2010) ("[E]ven if the Response to the habeas petition were untimely, a respondent's tardiness or failure to answer a habeas corpus petition is not grounds for granting federal habeas relief."). And, at any rate, the Response – filed one day before Respondents' deadline of August 28, 2015, see ECF Nos. 13, 14 – was not untimely. Thus, the Court will deny the Motion for Default Judgment.

to the magistrate judge's report and recommendations within fourteen days after being served with a copy thereof. See § 636(b)(1); E.D. Pa. R. Civ. P. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1). The Court does not review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (internal quotation marks omitted)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

On habeas review, the Court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d).

**III. DISCUSSION**

Petitioner contends that he received ineffective assistance of counsel in four ways: (1) counsel provided faulty advice at the plea bargaining stage; (2) counsel failed to

investigate and interview potential alibi witnesses; (3) counsel failed to spend any appreciable time with Petitioner before trial; and (4) counsel incorrectly waived a hearing opposing certification of Petitioner as an adult, rather than a juvenile. He further argues that he is actually innocent of the crimes of which he was convicted. In support of this claim, he provides a copy of his prison admission history report. Am. Pet. Ex. 1b, ECF No. 8.

In the R&R, Judge Caracappa correctly concludes that the petition is untimely. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") sets forth a strict one-year deadline for the filing of new petitions under 28 U.S.C. § 2254. The statute of limitations begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). There is a tolling exception: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Here, Petitioner was sentenced on October 25, 1995, so his judgment became final on November 24, 1995, when his time to appeal expired. See Pa. R. Crim. P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence."). Thus, under AEDPA, he had until November 24, 1996, to file a timely habeas petition. However, AEDPA's one-year deadline did not become effective until April 24, 1996 – roughly five months after his judgment became final. Accordingly, Petitioner actually had until April 24, 1997 – one year after the effective date of AEDPA – to file a timely habeas petition. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003) (noting that the one-year filing period for a petitioner whose judgment became final prior to the effective date of AEDPA did not begin to run until April 24, 1996). He did not do so, and the statutory tolling exception does not apply, because he did not file his PCRA petition until 2012. Nor does equitable tolling apply, as Petitioner has not demonstrated, or even argued, "'(1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Therefore, Petitioner's habeas petition was nearly 20 years too late and is now time-barred.

Petitioner objects to this conclusion on the grounds that there has been an "inexcusable delay [of roughly 2.5 years] by the State court in processing his claims for relief" as raised in his PCRA petition. Obj. 3, ECF No. 21. He argues that this delay "has rendered the state remedy effectively unavailable," such that his claims "are ripe [for the] Court to review and excuse exhaustion." Id. In support of this argument, Petitioner cites Lee v. Stickman, 357 F.3d 338 (3d Cir. 2004), in which the Third Circuit held that a petitioner's failure to exhaust his state court remedies was excused because the state courts had delayed his efforts there for eight years. See id. at 342. This argument and citation are inapposite because Petitioner's procedural problem is timeliness, not exhaustion.

Alternatively, Petitioner argues that his claims of actual innocence should allow him to overcome his timeliness problem. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims ([i.e.], ineffective assistance of counsel) on the merits notwithstanding

7

the existence of a procedural bar to relief." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013). In other words, if Petitioner can demonstrate actual innocence, his claims of ineffective assistance can be considered on the merits, even though his petition is untimely. See Herrera v. Collins, 506 U.S. 390, 404 (1993) ("[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").

  Here, Petitioner contends that he has demonstrated actual innocence of at least one of his three robberies through the prison report he appended to his amended petition. The prison admission history report – assuming it is authentic, as it appears to be – indicates that Petitioner was first incarcerated on June 18, 1994, and not released until May 25, 1995. Am. Pet. Ex. 1b. Petitioner claims that the last of the three robberies for which he was convicted occurred on August 2, 1994, and that because he was incarcerated at that time, he could not have committed that offense. If true, this showing would likely warrant an evidentiary hearing.

  But his state records, in fact, do not indicate that any of the three robberies occurred in August 1994. Rather, the original documents bringing the charges against him in his three

8

cases at issue[3] (CP-51-CR-1001751-1994, CP-51-CR-1001601-1994, and CP-51-CR-1001441-1994, respectively) state that his offense dates were March 8, 1994; March 26, 1994; and April 6, 1994.[4] Petitioner's prison admission history does not indicate that he was incarcerated – and thus unable to commit the robberies at issue – on any of those dates.

Therefore, Petitioner has not made "a credible showing of actual innocence" that allows him "to pursue his constitutional claims . . . on the merits" despite the untimeliness of his petition. McQuiggin, 133 S. Ct. at 1931. The Court will thus dismiss the habeas petition as untimely.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason

---

[3] These documents are not available online but can be seen in his original state court records.

[4] Petitioner suggests that at his guilty plea hearing – the transcript of which is not contained in his state court records – the Government stated that the robbery at issue occurred on August 2. If the Government so stated, they were mistaken, according to the state court records. Any confusion or misstatements on the part of Petitioner and/or the Government may have arisen from the complaint date listed for the April 6 offense – August 2, 1994, the date Petitioner claims was the date of his third offense. Indeed, the April 6 offense is the only one he disputes; he correctly lists March 8 and March 26 as the dates of his other offenses.

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of his constitutional rights. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

## V.  CONCLUSION

For the foregoing reasons, the Court will adopt in part Judge Caracappa's Report and Recommendation,[5] overrule Petitioner's objections thereto, and deny the Petition for a Writ of Habeas Corpus without an evidentiary hearing. The Court will not issue a Certificate of Appealability. The Court will also deny Petitioner's Motion for Default Judgment.

---

[5] The portion of the Report and Recommendation not adopted concerns the precise timing of Petitioner's AEDPA filing period. Also, the R&R did not discuss Petitioner's claim of actual innocence, which is addressed in this memorandum.